UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| GARY M. PENDERGAST | CIVIL ACTION |
| VERSUS | NO. 06-6374 |
| STATE FARM FIRE & CASUALTY COMPANY, ET AL | SECTION "C" (5) |

ORDER

This matter comes before the Court on motion to remand filed by the plaintiffs. Based on the record and the law, the Court has determined that remand is appropriate for the following reasons.[1]

This case was removed on the basis of federal question jurisdiction under 42 U.S.C. § 4001 *et seq.*, relative to the adjustment of policies issued under the National Flood Insurance Act ("NFIA"), the Multiparty Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369 ("MMTJA") and 28 U.S.C. § 1441(e)(1)(B), and 28 U.S.C. § 1442, relating to claims against federal officers. However, the Court's reading of the petition indicates

---

[1] The Court previously ordered memoranda directed to the issue of whether the jurisdictional amount existed at the time of removal. The Court is satisfied that the jurisdictional amount did exist at that time.

that a claim under a flood insurance policy is not being made, eliminating two of the defendant's basis for federal question jurisdiction.  In this regard, the Court joins the others who have recently confirmed that claims relating to procurement of a flood policy do not give rise to federal jurisdiction under the NFIA.  Rizzuto v. Bianchini, 2006 WL 3332832 (E.D.La.); Seruntine v. State Farm Fire & Casualty Co., 444 F.Supp.2d 698 (E.D.La.).  In addition, this Court has previously ruled that the MMTJA and Section 1441(e)(1)(B) do not provide a basis for jurisdiction in a case such as this. Fidelity Homestead Assn. v. Hanover Ins. Co., 2006 WL 2873562 (E.D.La.).[2]  Therefore, the removal petition does not provide a valid basis for subject matter jurisdiction.

Although diversity jurisdiction was not included as a basis for removal, the defendants argue in opposition to the motion to remand that diversity jurisdiction exists because Randy Juge ("Juge"), the nondiverse insurance agent defendant, was fraudulently joined in order to defeat removal.  The burden of persuasion placed upon those who cry `fraudulent (improper) joinder' is indeed a heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981).  The removing party must demonstrate

---

[2] The Court also has found that Louisiana's Valued Policy statute does not apply under these circumstances.  Mariarz v. Automobile Club Inter-Insurance Exchange, Civ. Act. No. 06-6211 (E.D.La. Nov. 9, 2006).

that there is no possibility that the plaintiffs would be able to establish a cause of action against the non-diverse defendants in state court.  <u>Ford v. Elsbury</u>, 32 F.3d 931, 935 (5th Cir. 1994).   This "stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.."  <u>Smallwood v. Illinois Central Railroad Co.</u>, 385 F.3d 568, 572 (5th Cir. 2004)(en banc).   See also <u>Melder v. Allstate Corp</u>, 404 F.3d 328,330 (5th Cir. 2005)(""[A]t issue is whether Defendants have established there is no reasonable basis Plaintiffs might be able to recover under Louisiana state law against the non-diverse defendant ..."   A "mere theoretical possibility of recovery" does not preclude a finding of improper joinder.  <u>Smallwood</u>, 385 F.3d at 572.

The Court's "prediction" can be resolved in two ways: (1) by undertaking a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim against the in-state defendant or (2) where a claim has been stated but misstated or omitted discrete facts determinative of the propriety of joinder,  minimal piercing of the pleadings may be undertaken; "we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."   <u>Id.</u>   "[T]he inability of the to make the requisite decision in a summary manner itself points to an inability of the removing party to

3

carry its burden." Id.

Under Louisiana law, an insurance agent has a general duty use reasonable diligence in attempting to place the insurance requested and to promptly notify the client if he has failed to obtain the insurance requested. Southern Athletic Club, LLC v. Hanover Ins. Co., 2006 WL 2583406 at *4 (citing Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d. 728, 730-31 (La. 1973)). If the agent's actions warrant the client's assumption that he has the desired insurance coverage, the client may recover any loss sustained as a result of the agent's breach of his duty to procure such coverage. Id. However, an insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client. Id. (citing Graves v. St. Farm Mut. Auto Ins. Co., 821 So.2d 769, 773, 2002-1243 (La. Ct. App. 06/26/02)). On the other hand, it is unreasonable to assume that the agent is obligated to procure insurance that the client has not requested. Dooley v. Wright, 501 So.2d 980, 985 (La. App. 2 Cir. 1987), writ denied, 512 So.2d 442 (La. 1987).

According to the petition, in June 2005, Juge failed to procure the proper flood content coverage, failed to procure "gap" insurance coverage and failed to properly advise the plaintiff concerning insurance coverage. ( Rec. Doc. 1, Exh. A, ¶¶XXII-

4

XXVII). The defendants argue in opposition that any cause of action against Juge is preempted by La. Rev. Stat. § 9:5606 because the plaintiff received confirmation of his request to increase coverage limits on June 30, 2005, as supported by the affidavit of Juge, and this lawsuit was not filed until August 2006.[3] The plaintiff replies that he did not receive any communication from either defendant until September 1, 2006, after he had evacuated for Hurricane Katrina.

These facts do not meet the burden imposed on the defendants with regard to establishing fraudulent joinder. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that the plaintiff's motion to remand is GRANTED. This matter is hereby REMANDED to the Civil District Court for the Parish of Orleans, State of

---

[3] Section 5606 provides for that an action against an insurance agent must be brought within one year from the date of the alleged act, omission or neglect or within one year from when it was discovered or should have been discovered.

Louisiana for lack of jurisdiction under 28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 28th day of November, 2006.

                                                                        HELEN G. BERRIGAN
                                                                         UNITED STATES DISTRICT JUDGE